IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SEAN F. ROWELL, II,

                    Petitioner,                  OPINION AND ORDER

        v.                                          08-cv-467-bbc

TOM GOZINSKE, CCE;
AMY SMITH, OOS;
PETER HUIBREGTSE;
ROBERT HABLE and
ELLEN K. RAY,

                    Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Petitioner Sean Rowell is a prisoner at the Wisconsin Secure Program Facility in Boscobel, Wisconsin. He has submitted a proposed complaint under 42 U.S.C. § 1983 and seeks leave to proceed in forma pauperis. In a previous order, I concluded that petitioner was indigent under 28 U.S.C. § 1915 and I directed him to make an initial partial payment, which the court has received.

Because petitioner is a prisoner, I am required under the 1996 Prison Litigation Reform Act to screen his complaint and dismiss any claims that are legally frivolous, malicious, fail to state a claim upon which relief may be granted or asks for money damages

1

from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 and 1915A. Having reviewed petitioner's complaint, I conclude that the case must be dismissed for his failure to state a claim upon which relief may be granted.

Looking at petitioner's complaint by itself, it is difficult to understand the nature of his claim. He simply alleges that respondent Robert Hable issued a memo in July 2008 "authorizing a new policy for 'voluntary unassigned status' inmates that shall restrict their activities starting August 1, 2008." He then notes that he complained about the policy in a grievance, which was rejected by respondents Ellen Ray, Tom Gozinske, Peter Huibregtse and Amy Smith. However, accompanying his complaint is an affidavit to which he attached the memo describing the new policy and the grievance and appeals that he filed.

The memo states:

**Voluntary Unassigned**: Inmates who quit their current work assignment, are removed from a work assignment for poor performance, a work related or major conduct report, or choose not to accept any work assignment, will be placed in this status. Inmates may also be placed in this no-pay status by the Institution Jobs Committee. Voluntary unassigned inmates do not receive pay per DOC 309.55, and may be restricted further in regards to recreation/library activities as noted below. Placement in voluntary unassigned status will be for a minimum of ninety (90) days.

- Voluntary unassigned inmates will be allowed to attend recreation or dayroom activities, as noted on the unit schedule, three (3) times per week, Monday-Friday, for a total of six (6) hours per week.

- Voluntary unassigned inmates will be allowed to make one (1), fifteen (15) minute phone call per week during their schedule[d] dayroom time

- Voluntary unassigned inmates will be allowed use of the unit law library one (1) hour per day on Tuesdays and Thursdays by following established procedures for sign up. An inmate may request additional time in the computerized law library, however, prior to doing so, an inmate must provide the law librarian with court documentation that indicates a scheduled court date or deadline so that they may be placed on the legal priority list.

From the grievances that petitioner filed, I understand him to be alleging that he is a prisoner in "voluntary unassigned status" and that he is subject to the restrictions of the new policy.

Petitioner challenges the new policy on three grounds, none of which provide him with a viable claim. First he says that the policy violates his right to due process because it imposes "atypical and significant hardships" without providing a hearing first. Sandin v. Connor, 515 U.S. 472, 484 (1995). Although the policy may seem unfair to petitioner, it does not meet the demanding standard of Sandin as it has been interpreted by the Court of Appeals for the Seventh Circuit. That court has held that prisoners are not entitled to due process protections before being denied rehabilitative treatment, Stanley v. Litscher, 213 F.3d 340, 342 (7th Cir. 2000), or education, Higgason v. Farley, 83 F.3d 807, 809 (7th Cir. 1996), or even before being placed in discretionary segregation, Townsend v. Fuchs, 522 F.3d 765, 772 (7th Cir. 2008). Because placement in segregation is a much greater deprivation of liberty than limitations on law library and telephone use, petitioner's due process claim cannot succeed.

3

Petitioner next challenges the policy on the ground that it violates his right to equal protection because he is being treated differently from other general population prisoners. Normally, different treatment is permissible so long as there is a rational basis for it. City of Cleburne, Tex. v. Cleburne Living Center, 473 U.S. 432, 440 (1985); see also May v. Sheahan, 226 F.3d 876, 882 (7th Cir. 2000) ("In the prison context, the Equal Protection Clause of the Fourteenth Amendment requires inmates to be treated equally, unless unequal treatment bears a rational relation to a legitimate penal interest.")

Under Fed. R. Civ. P. 8, a plaintiff does not need to prove his claim in his complaint but he does need to provide "a short and plain statement of the claim showing that [he] is entitled to relief." In the context of an equal protection claim governed by rational basis review, this means that "a plaintiff must allege facts sufficient to overcome the presumption of rationality that applies to government classifications." St. John's United Church of Christ v. City of Chicago, 502 F.3d 616, 639 (7th Cir. 2007) (quoting Wroblewski v. City of Washburn, 965 F.2d 452, 460 (7th Cir.1992)). In this case, it is rational for prison administrators to believe that prisoners who are willing to work in prison jobs are entitled to greater privileges. Petitioner's allegations do not undermine this basic logic.

Finally, petitioner alleges that the policy is improper because it was enacted by a "supervisor" rather than the warden. However, I am not aware of any rule that requires all prison policies to be enacted by wardens. Even if there were such a rule, this would be a

4

matter of state law; it would not provide a basis for exercising federal jurisdiction over petitioner's claim.

## ORDER

IT IS ORDERED that

1. This case is DISMISSED for petitioner Sean Rowell's failure to state a claim upon which relief may be granted.

2. A strike will be recorded in accordance with 28 U.S.C. § 1915(g).

3. Petitioner is obligated to pay the unpaid balance of his filing fee in monthly payments as described in 28 U.S.C. § 1915(b)(2).

Entered this 3rd day of September, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

5