IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SEAN F. ROWELL, II,

                Petitioner,                ORDER

          v.                              08-cv-467-bbc

TOM GOZINSKE, CCE;
AMY SMITH, OOS;
PETER HUIBREGTSE;
ROBERT HABLE and
ELLEN K. RAY,

                Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Petitioner Sean Rowell has filed a motion for reconsideration of the order dismissing his case, which I construe as a timely motion to alter or amend the judgment under Fed. R. Civ. P. 59.  In his complaint, petitioner challenged a new prison policy that restricted the privileges of prisoners like him who do not have prison jobs.  I concluded that he failed to state a claim upon which relief may be granted under theories of due process or equal protection and that his theory that the policy was not authorized by state law did not provide a basis for exercising federal jurisdiction.

      In his motion for reconsideration, petitioner challenges my conclusions regarding the

1

due process clause and state law. In the screening order, I concluded that petitioner did not state a claim under the due process clause because limitations on law library time and telephone usage did not qualify as an "atypical and significant hardship" under Sandin v. Conner, 515 U.S. 472 (1995), which means that prison officials were not required to give petitioner a hearing or other process before imposing the restrictions.

Petitioner does not argue in his motion for reconsideration that the policy imposes an atypical and significant hardship. Instead, he says that he was denied due process because the policy was not enacted as part of a regulation in the Wisconsin Administrative Code. In support of this argument, he relies on Frazier v. Coughlin, 81 F.3d 313 (2d Cir. 1996), but he misunderstands the court's holding. The question in Frazier was not whether prison officials violate due process when they impose restrictions without passing a regulation, it was whether a prisoner could claim a violation of due process without pointing to a state law or regulation that creates "a protected liberty interest in remaining free from [a particular] confinement or restraint." Id. at 317. In other words, the court in Frazier imposed a requirement on *prisoners* to identify such a regulation to prevail on a due process claim; it did not impose a burden on prison officials to enact such a regulation before enforcing a restriction.

Petitioner advances a related argument that the policy is invalid because it is not consistent with provisions in Chapter 309 of the Wisconsin Administrative Code. Although

2

this argument is slightly different from the state law theory petitioner advanced in his complaint, it is still a state law theory.  As I explained to petitioner in the screening order, except in limited circumstances not present in this case, federal courts do not have authority to rule on matters of state law.  If petitioner believes respondents are violating a state regulation, his only recourse is to file a petition for a writ of certiorari in state court.

ORDER

IT IS ORDERED that petitioner Sean Rowell's motion for reconsideration, dkt. #14, is DENIED.

Entered this 12th day of September, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

3